Requestor: Gerald J. Lawson, Esq., Town Attorney Town of Ticonderoga Montcalm Street Ticonderoga, New York 12883
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a person may serve simultaneously as a member of a town board and county fire coordinator in the county containing that town.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation, the conflict is avoided by declining to participate in the disposition of the matter.
There is no statutory prohibition against holding these two offices. (County Law § 411, which prohibits holding both an elective county and elective town office, is not applicable; the fire coordinator is an appointive officer.) Nor is one office subordinate to the other. The only question, therefore, is whether there is an inherent inconsistency in holding the two offices. We find none.
A county fire coordinator has the duty
 "to administer the county programs for fire training and mutual aid in cases of fire and other emergencies in which the services of firemen would be used; to act as a liaison officer between the board of supervisors and the county fire advisory board and the fire fighting forces in the county and the officers and governing boards or bodies thereof; and to perform such other duties as the board of supervisors shall prescribe." Id., § 225-a(3).
In our view, these duties are not in conflict with those of a member of a town board. The county fire coordinator is the liaison between county agencies and municipalities within the county. Although the coordinator would serve as the liaison to the town board, in our view this function does not give rise to incompatibility. As a liaison, the county fire coordinator is not a policy maker but instead delivers and coordinates policies established by others.
We conclude that a person may serve simultaneously as a county fire coordinator and as a member of a town board.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.